(19 Misc. Rep. 422.)

GEITELSOHN v. CITIZENS' SAV. BANK.

(City Court of New York, General Term. February 23, 1897.)

SAVINGS BANKS—PAYMENT OF DEPOSIT—NEGLIGENCE.

A finding that a savings bank was negligent in paying plaintiff's deposit to a person who presented the pass book and answered correctly as to all information given by plaintiff when he opened the account, is supported by evidence that the paying teller knew plaintiff by sight.

Appeal from trial term.

Action by Louis Geitelsohn against the Citizens' Savings Bank. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

J. A. Beall, for appellant.

D. M. Newberger, for respondent.

VAN WYCK, C. J. The plaintiff depositor sues the savings bank to recover the balance of his deposit with the bank, which defends on the ground that it had paid such deposit to a person who had presented the pass book, and satisfactorily had answered all of the ques-

tions required by the rules of the bank, and the information given by plaintiff when he opened the account. The plaintiff, on a former trial of this case, obtained judgment on a verdict in his favor, which judgment met reversal at the appellate term of the supreme court, and the learned justice thus writing succinctly and clearly states the law of this state as applicable to an action of this character. 40 N. Y. Supp. 662. The proof upon this second trial so far changed the conditions of the case as to have required the submission to the jury of the disputed question of fact as to whether the bank had observed ordinary care in paying plaintiff's deposit to a person other than plaintiff, who had presented the pass book, and made correct answers to the questions put to and answered by plaintiff when he opened his account. The proof on this trial would support a finding by the jury that the bank officer who made the payment knew, or should have known, if he was an ordinarily prudent man, that the person to whom he paid the deposit was not the plaintiff, the depositor, and owner of the bank book; for plaintiff and his brother both testified that when plaintiff called at the bank on the day following the payment, the bank teller who had made the payment said to him, when he came into the bank, "Hello, Geitelsohn!" and "Hello, Geitelsohn! What is the trouble?" And plaintiff testified that he had deposited with or drawn money from this officer about 25 times; that this officer always knew his name, and had called him by name before the morning on which the bank book was stolen. Of course, this was contradicted by the officer, but it was proper to submit to the jury the question as to whether the officer had observed ordinary prudence in making the payment to a person other than the depositor himself, and the jury's finding against defendant's contention will not be disturbed. There are 19 exceptions by defendant to the charge and refusals to charge, but time will not permit a discussion of them. However, suffice it to say that the charge fairly stated the law and presented the case to the jury.

Judgment and order affirmed, with costs.

SCHUCHMAN, J., concurs.